### FOSTER BUILDING & REALTY CO. v. FARMERS' LIFE INS. CO.

(Circuit Court of Appeals, Fifth Circuit. November 21, 1922.)

No. 3850.

Steam ⬤⟿5—Party cannot substitute and enforce different contract.

In a contract to heat a building it was an implied condition that the outer walls of the building should not be changed, and where openings were made into another building the contract cannot be enforced, on a contention that because of other changes no greater amount of heat will be required.

Appeal from the District Court of the United States for the Southern District of Texas; J. C. Hutcheson, Judge.

Suit in equity by the Foster Building & Realty Company against the Farmers' Life Insurance Company. Decree for defendant, and complainant appeals. Affirmed.

See, also, 272 Fed. 864.

W. O. Huggins, of Houston, Tex. (Huggins, Kayser & Liddell, of Houston, Tex., on the brief), for appellant.

Lewis R. Bryan and A. D. Dyess, both of Houston, Tex. (Bryan, Dyess & Colgin, of Houston, Tex., on the brief), for appellee.

Before WALKER, BRYAN, and KING, Circuit Judges.

BRYAN, Circuit Judge. The facts upon which this litigation arose are fully stated in an opinion of this court upon former appeals by the parties hereto, reported in 272 Fed. 864. The mandate from this court, upon those appeals, among other things, required appellant to close openings in the party wall between the Foster and Gulf buildings as a condition precedent to the continuation of the heating contract between appellant and appellee. Since the going down of the mandate, appellant has not only failed and refused to close these openings in the party wall, but, on the contrary, has made additional openings between the Foster and Gulf buildings. The District Court entered an order continuing in force the injunction then existing against appellee, restraining it from shutting off heat from the Foster building, upon condition that appellant within 10 days should begin closing up the openings and restoring the party wall between the Foster and Gulf buildings, and should complete that work within 30 days. More than 10 days having elapsed, and appellant still refusing to comply with the order of the court, a final decree was entered, setting aside and dissolving the injunction theretofore granted, which has the effect of relieving appellee from further obligation under the heating contract.

It is contended that the decree now appealed from is erroneous, because of a stipulation entered into in the suit brought by appellant, to the effect that appellant was entitled to a mandatory injunction against appellee, requiring the latter to continue the furnishing of heat to the Foster building, unless that contract should be held to be ultra vires. The contention, in our opinion, is untenable, for the reason that appellee in a separate suit sought to have the heating contract canceled, not only upon the ground that it is ultra vires, but also because appellant made the openings in the party wall between the Foster and Gulf buildings. The relief sought by appellee, as well as that sought by appellant, was presented and considered together by consent of the parties upon the former appeal, though the cases were not consolidated, and in the opinion filed the rights of each party were determined.

As stated in the opinion on the former appeal, the openings in the wall between the Foster and Gulf buildings were not made until after the heating contract was entered into. At the time the heating contract was made, appellee was only required to furnish heat to the Foster building from its heating plant in the Mason building. It was an implied condition of that contract that the outside wall of the Foster building would not be changed. But appellant contends that, by placing automatically closing doors in the unauthorized openings, and by providing valves to shut off the heat above the first floor of the Foster building, appellee would not be required to supply any more

heat than if the party wall were restored; and, instead of complying with the mandate of this court, appellant made application to the court below to take evidence and to decide whether the changed conditions would make the heating contract more burdensome to appellee. The District Court denied this application, and, as we think, correctly did so. Whether it would be more burdensome or expensive to supply heat under the changed conditions is wholly immaterial. The thing appellant asked the court below to do was, in · its last analysis, to make a new contract. But parties are entitled to make their own contracts.

The decree is affirmed.